Ryan L. McBride, Esq. (SBN 297557)
Kazerouni Law Group, APC
301 E. Bethany Home Road, Suite C-195
Phoenix, AZ 85012
(602) 900-1288
ryan@kazlg.com
*Attorneys for Plaintiff*

Jacob U. Ginsburg, Esq. (*pro hac vice* anticipated)
Kimmel & Silverman, P.C.
30 E. Butler Ave.
Ambler, PA 19002
(267) 468-5374
jginsburg@creditlaw.com
teamkimmel@creditlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Kelly Pinn,** *on behalf of herself and all others similarly situated* | Case No.: 3:23-cv-03869 |
| *Plaintiff,* | |
| v. | **CLASS ACTION** |
| **Ethos Technologies Inc. d/b/a Ethos Life Insurance Services,** | **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT** |
| *Defendant.* | **Jury Trial Demanded** |

## CLASS-ACTION COMPLAINT

Plaintiff, Kelly Pinn (hereinafter referred to as "Plaintiff" or "Pinn") individually, and on behalf of all others similarly situated, brings this action

- 1 -

CLASS-ACTION COMPLAINT

against Ethos Technology, Inc. d/b/a Ethos Life (hereinafter referred to as "Ethos" or "Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. In support of this Complaint, Plaintiff asserts as follows:

## BACKGROUND: TELEMARKETING AND THE TCPA

1. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

2. The TCPA also affords special protections for people who registered their phone numbers on the National Do Not Call Registry and nonetheless received telemarketing calls for which they did not expressly consent.

3. In 2019, the FTC received over 5.4 million complaints from US residents about unwanted calls. FTC: *What Do Not Call Complaints are telling us* (Oct. 17, 2019), *available* at https://www.consumer.ftc.gov/blog/2019/10/what-do-not-call-complaints-are-telling-us.

4. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties

against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, (March 28, 2019) available at: https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

## THE PARTIES

5. Pinn is a natural person and adult, who at all times relevant hereto, resided in Irving, Texas 75039.

6. Ethos is a life insurance company that, *inter alia*, sell its insurance policies remotely to prospective consumers.

7. Ethos maintains its principal place of business, head office, or otherwise valid mailing address at 460 Bryant St., FL. 3, San Francisco California 94107.

8. At all times relevant hereto, Defendant acted through its agent employees, vendors and representatives, including Junaid Syed.

9. Plaintiff brings this Action in her individual capacity and on behalf of all other persons on who registered their residential phone numbers[1] on the Do Not Call registry seeking damages and any other available legal or equitable

---

[1] Both a wireline and wireless phone registered on the do-not-call registry is presumed to be "residential." *Chennette v. Porch.Com, Inc.*, 50 F.4th 1217 (9th Cir. 2022).

remedies resulting from the unlawful calls or messages from Junaid Syed of Ethos Technologies Inc. within the last four years of filing this complaint and all other unlawful actions of Defendant in negligently, knowingly, and/or willfully contacting Plaintiff and other Class member on their cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and related regulations specifically the National Do-Not-Call provisions.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

11. Furthermore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in excess of $5,000,000.00, exclusive of interests and costs.

12. This Court has personal jurisdiction over Defendant, as it maintains its headquarters in the State of California.

13. Furthermore, Defendant does business and maintains its headquarters within this District.

14. Accordingly, personal jurisdiction exists and this venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## FACTUAL BACKGROUND

15. At all times relevant hereto, Pinn was the owner of a cell phone, the number for which was (817) XXX-2161.

16. The aforementioned cell phone was used by Pinn for primarily residential purposes, such as speaking with friends and family.

17. The subject phone was registered to Pinn personally, and not to a business.

18. Pinn pays her cell phone bill each month without contribution from her employer.

19. Pinn registered her phone number on the National Do Not Call Registry on February 09, 2009 in order to obtain solitude from invasive and irritating solicitation calls.

20. For purposes of background, Pinn is in her 40's and has never been in the market for "final expense" insurance or shopping for funeral related services.

21. Ms. Pinn began receiving calls on behalf of Ethos beginning in or around October 2022, which were made for the purpose of soliciting "final expense" benefits plans for funerals.

22. At no point did Ms. Pinn express interest in procuring "final expense" insurance prior to the telemarketing campaign.

23. Each of those calls began with a party describing "senior benefits".

24. Having become wise to the opaque nature of the telemarketing industry, Pinn has learned the only way to ascertain the true identities of telemarketers is to feign interest in the products or services being sold.

25. After receiving many calls for "senior benefits" in the Fall of 2022, in order to ascertain the identity/identities of the calling party/parties, Pinn stayed on the line and feigned interest in Ethos' services, despite the morbid nature of what was being sold (burial insurance).

| Date/time | Caller ID: |
|---|---|
| October 28, 2022 at 4:37 pm CST | 726-201-0897 |
| October 28, 2022 at 4:54 pm CST | 737-284-0966 |
| November 1, 2022 at 7:57 pm CST | 817-557-6156 |
| November 2, 2022 at 6:35 pm CST | 601-514-7945 |

26. During the calls on October 28, 2022, the calling party stated he was offering "senior benefits" and asked about Pinn's interest in burial insurance. When the calling party declined to identify the proper corporate name of his employer, Pinn told him not to call back.

- 6 -

CLASS-ACTION COMPLAINT

27. Nonetheless, on November 1, 2022, Pinn received another call offering "senior benefits" such as burial insurance. The pitch of the services was almost identical to the prior "senior benefit" calls on October 28, 2022.

28. Rather than another futile request for Defendant to identify itself, Pinn stayed on the line and feigned interest in the burial insurance and other "senior benefit" plans being offered.

29. Pinn was then transferred to another agent working for Defendant.

30. The agent for the calling party disclosed his name was Junaid Syed, working for Ethos Life Insurance. Pinn then received a confirming email from Junaid Syed of Ethos. Mr. Syed's confirming email from his Ethos account, agents@ethoslife.com. A copied image from that email is below:

From: **Junaid Syed via Ethos Life** <agents@ethoslife.com>Date: Tue, Nov 1, 2022 at 8:06 PM
Subject: Your life insurance quote from EthosTo: <kelchel516@gmail.com>

> # Ethos has partnered with Ethos toprotect the ones you love.
>
> Junaid Syed has invited you to apply with Ethos to protect you and your family. Based on the information provided, the following coverage optionwas created to fit your needs.

31. On November 2, 2022, Ethos called Pinn again.

32. Briefly after the call began, however, the Ethos agent informed Pinn he realized she had already spoken with Junaid Syed.

33. Accordingly, it is clear Ethos had record of the call the day before in its computer system.

34. Defendant's telephone calls were not made for "emergency purposes" but for telemarketing purposes.

35. Each call was made for the purpose of soliciting senior benefit insurance policies.

36. None of the calls were made with express written consent or an established business relationship.

37. Plaintiff found Defendant's repeated calls annoying, frustrating, upsetting, harassing, and an invasion of her privacy.

## Class Allegations

38. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated who registered their phone numbers on the Do Not Call registry and received unlawful calls from Ethos Technologies Inc. within the last four years of filing this complaint.

39. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation. commonality, typicality, and adequacy of representation.

40. Accordingly, Defendant placed a high volume of calls to numbers listed on the Do Not Call Registry without consent or an existing business relationship.

41. Plaintiff seeks to represent the following classes:

> **227(c) Class:** For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) subscribe to cellular telephones; (2) received more than one telephone call or text message from during a 12-month period; and (3) whose phone numbers were listed on the Do Not Call Registry for more than 31 days at the time the calls were received.

42. Plaintiff reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

43. The members of the proposed classes are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds or thousands of people have been harmed by Defendant's actions. The names and phone numbers of the numbers of the proposed class are readily identifiable through records available to Defendant.

44. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

45. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to, whether Defendant's agents called phone numbers that were registered on the Do Not Call Registry and whether such calls violate the TCPA.

46. Plaintiff's claims are typical of the claims of the proposed class members because their claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

47. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the proposed class he seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law. Plaintiff's counsel has the resources to litigate this class action, and Plaintiff and counsel are aware of their responsibilities to the putative members of the class and will discharge those duties. Plaintiff reserves the right to join other unnamed class members into this lawsuit.

48. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

49. In contrast to numerous individual claims, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy

of scale and unitary adjudication resulting from supervision of the litigation by a single court.

50. Questions of law and fact, particularly the propriety of calling cell phone numbers registered on the National Do Not Call Registry, predominate over questions affecting only individual members.

51. Defendant has acted or refused to act in accordance with the relief sought by these classes, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

## COUNT I
## **DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(c)(5)**

52. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

53. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

54. The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

55. In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5)(A).

56. Where Defendant placed calls to the residential phones of Plaintiff and the putative class members after their numbers were registered on the National Do Not Call Registry, Defendant violated the TCPA, including but not limited to, 47 U.S.C. § 227(c)(5) and the TCPA's corresponding regulations.

57. Defendant knew or should have known that Plaintiff and the putative class members had their numbers registered on the Do Not Call Registry.

58. Defendant did not obtain valid express written consent from the called parties.

59. Plaintiff and putative class members are entitled to damages of $500.00 per violation for each call and up to $1,500.00 per violation if the Court finds that Defendant willfully violated the TCPA.

WHEREFORE Plaintiff Kelly Pinn, individually and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant, pursuant to Federal Rule of Civil Procedure 23 *et seq.*, certifying this action as a class action and appointing Kelly Pinn as the class representative;

b. Enter an order appointing Kimmel & Silverman as counsel for the class;

c. Enter judgment in favor of Plaintiff and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Defendant willfully violated section 227(c)(5) of the TCPA;

d. Enter a judgment in favor of Plaintiff and the putative class that enjoins Defendant from violating the TCPA's regulations prohibiting Defendant from calling numbers registered on the National Do Not Call Registry;

e. Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and administration; and

f. Award Plaintiff and the class members all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees; and

g. Award Plaintiff and the class such further and other relief the Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KELLY PINN, and all other similarly situated demand a jury trial in this case.

Respectfully submitted,

Dated: August 2, 2023.    By: */s/ Ryan L. McBride*
                          Ryan L. McBride, Esq.
                          Attorneys for Plaintiff